UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHERYL WOLF,

                      Plaintiff,                  MEMORANDUM AND ORDER
                                                 12-CV-05166 (JFB)(AKT)

        -against-

TOWN OF SOUTHAMPTON, JOSEPH A. SALVI,
CHERYL CROHAN, THOMAS CROHAN,

                      Defendants.
-----------------------------------------------------------------X

Joseph F. Bianco, District Judge:

        On October 15, 2012, pro se plaintiff Cheryl Wolf ("plaintiff") filed a complaint against the Town of Southampton, New York (the "Town"), Joseph A. Salvi, Esq. ("Salvi"), Cheryl Crohan ("C. Crohan"), and Thomas Crohan ("T. Crohan") (collectively, "defendants"), as well as an Order to Show Cause to stay an order of eviction entered in Southampton Town Court. This Court held an Order to Show Cause Hearing on October 22, 2012, at which time it denied plaintiff's request for injunctive relief and instructed the Town to file its desired pre-answer motion by November 30, 2012. Defendants Salvi, C. Crohan, and T. Crohan did not appear for the Hearing.

        On November 16, 2012, the Town filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, claiming that (1) plaintiff's claims are barred by the Rooker-Feldman doctrine, and (2) insofar as plaintiff is seeking mandamus relief under 28 U.S.C. § 1651(a) (the "All Writs Act"), the complaint fails to state a plausible claim for such relief. Plaintiff opposed that motion on January 18, 2013, and the Town filed a reply in further support of its motion on January 31, 2013. The individual defendants have not moved or otherwise appeared in this action.

        For the reasons that follow, the Town's motion to dismiss is granted. Because the defects

in plaintiff's claims against the Town would not be cured if given an opportunity to re-plead, leave to amend is denied and the complaint is dismissed as against the Town. In addition, because it appears that plaintiff is challenging T. Crohan's, C. Crohan's, and Salvi's involvement in her eviction, for the same reasons that the Rooker-Feldman doctrine bars plaintiff's claims against the Town, so too does it bar her claims against these individual defendants. Accordingly, the Court sua sponte dismisses the complaint as against T. Crohan, C. Crohan, and Salvi, and the Clerk of the Court is directed to close this case.

## FACTUAL BACKGROUND

The following facts are taken from plaintiff's complaint. These facts are not findings of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motions to dismiss, and will construe them in a light most favorable to plaintiff, the non-moving party.

Although largely incoherent and difficult to discern, plaintiff's complaint appears to challenge a judgment of eviction that was entered in state court on September 28, 2012. (Compl. at 6.) Plaintiff was a tenant residing at a property co-owned by defendants T. Crohan and C. Crohan, located at 25 Harry's Lane, Noyac, New York 11963. (Id. at 2.) She entered into a two-year lease for the property in May of 2010. (Id.) In May of 2012, as the initial lease was about to lapse, T. Crohan and C. Crohan provided plaintiff with a renewal lease for the property. (Id.) Because she was upset about certain representations contained within the renewal lease, plaintiff hired an attorney. (Id.) According to plaintiff, because the Crohans did not have a landlord-tenant permit, their contract with plaintiff was "illegal . . . from inception." (Id.)

On June 27, 2012, the Crohans issued a 30 day notice to plaintiff to vacate the premises. (Id.)

Plaintiff alleges that her attorney provided a complaint to the Southampton Building Department on July 13, 2012, regarding the fact that no landlord permit existed for the subject premises. (Id. at 3.) The Crohans (through their attorney, Salvi) brought eviction proceedings against plaintiff on August 1, 2012 in Southampton Town Court. (Id.) At a hearing on August 17, 2012, plaintiff argued that the case against her, initiated by the Crohans, should be dismissed because the Crohans had "issued an illegal contract," to which Salvi responded that a landlord permit application was pending with the Town. (Id.) Plaintiff alleges that, following the hearing, she went to the Town's Building Department, only to learn that no such application had been filed. (Id.)

A trial for eviction began on August 31, 2012 in Southampton . (Id. at 4.) Plaintiff claims that, amongst other things, Judge Burke (the Judge presiding over the proceeding) would not hear her retaliatory eviction argument, and that he essentially created new law on the bench. (Id.) The case was adjourned until September 28, 2012. (Id. at 5.) Despite plaintiff's arguments against eviction, Judge Burke entered a judgment of eviction on September 28, 2012. (Id.)

Plaintiff initiated the instant action on October 15, 2012, claiming that she has been injured by the fact that the Southampton Town Court, *inter alia*, facilitated a RICO enterprise against her (see id. at 7-9), created law (see id. at 9-14), and suspended her constitutional freedoms (see id. at 18-20).

THE TOWN'S MOTION TO DISMISS

I. Standards of Review

"In resolving a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a district court . . . may refer to evidence outside the pleadings" to resolve the jurisdictional issue. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen

v. American Tel & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).  The burden of proving subject matter jurisdiction by a preponderance of the evidence is on the plaintiff.  Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

However, in reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations contained in the complaint to be true, and view all reasonable inferences that can be drawn from such allegations in the light most favorable to the plaintiff.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007); Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005).  "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'"  Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F .3d 86, 91 (2d Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in Ashcroft v. Iqbal, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009).  The Court instructed district courts to first "identify [] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id.  Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.  "A claim has facial plausibility when the plaintiff pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal citations omitted) (quoting and citing Twombly, 550 U.S. at 556–57).

Where, as here, the plaintiff is proceeding pro se, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." McCluskey v. N.Y. State Unified Court Sys., No. 10–CV–2144 (JFB)(ETB), 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) and McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).  Nonetheless, even though the Court construes a pro se complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss.  Mancuso v. Hynes, 379 Fed. App'x 60, 61 (2d Cir.2010) (quoting Iqbal, 129 S. Ct. at 1949); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (applying Twombly and Iqbal to pro se complaint).  With these standards in mind, the Court considers the Town's motion to dismiss.

II. Discussion

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.  Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte.  Id.  "If subject matter jurisdiction is lacking, the action must be dismissed."  Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3).

The Town argues that the Rooker–Feldman doctrine bars plaintiff's claims because plaintiff is essentially appealing the state court eviction proceeding in this Court, which resulted in a judgment of eviction. (*See* Town's Mem. Of Law in Supp. Of Mot. To Dismiss ("Town Mot.") at 1-2 (characterizing plaintiff's complaint as a "thinly disguised attempt . . . to appeal form the judgment of eviction of the Town of Southampton Justice Court to this Federal Court").) For the reasons set forth below, the Court agrees.  As set forth below, the Court lacks subject matter jurisdiction because all of plaintiff's federal claims would require voiding the state court judgment of eviction, and such claims are barred by the Rooker–Feldman doctrine.

The Rooker–Feldman doctrine arises from two decisions issued by the United States Supreme Court, Rooker, 263 U.S. 413 and Feldman, 460 U.S. 462, and stands for the proposition that "lower federal courts possess no power whatever to sit in direct review of state court decisions." Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 296 (1970); accord Hoblock v. Albany Cnty. Bd. of Elecs., 422 F.3d 77, 84 (2d Cir. 2005) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."). Though this doctrine was once improperly equated with that of *res judicata*, see Moccio v. N .Y. State Office of Ct. Admin., 95 F.3d 195, 199–200 (2d Cir. 1996), the Supreme Court has clarified that Rooker–Feldman is jurisdictional in nature, whereas *res judicata* deals with preclusion.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) ("Preclusion, of course, is not a jurisdictional matter") (citing Fed. R. Civ. P. 8(c) (listing *res judicata* as an affirmative defense)).

In Hoblock, the Second Circuit carefully reviewed the Rooker–Feldman doctrine given the Supreme Court's Exxon Mobil Corporation v. Saudi Basic Industries Corporation decision.

See Hoblock, 422 F.3d at 83. Noting that Exxon Mobil had narrowed the scope of the Rooker–Feldman doctrine, the Second Circuit ruled that its application "'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Hoblock, 422 F.3d at 85 (quoting Exxon Mobil, 544 U.S. at 284). Thus, the Second Circuit set forth four requirements for Rooker–Feldman to apply: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Id. at 85 (internal citations and quotation marks omitted). The Second Circuit has classified the first and fourth requirements as "procedural" and the second and third requirements as "substantive." See id. As discussed below, all four of these requirements are satisfied in this case.

The procedural requirements of Rooker–Feldman are readily met here. First, plaintiff lost in state court, which resulted in an entry of judgment of eviction. Second, the state court judgment (entered on September 28, 2012) occurred before these district court proceedings began (on October 15, 2012). Thus, because the allegations in plaintiff's complaint attempt to undo her eviction, her claims relate to a state-court judgment "rendered before the district court proceedings commenced." See Hoblock, 422 F.3d at 85. Accordingly, the procedural requirements of Rooker–Feldman are met.

Because plaintiff seeks to challenge the state court judgment of eviction, the substantive

requirements of Rooker–Feldman are met as well. The substantive requirements of Rooker–Feldman are that "the plaintiff must complain of injuries caused by a state court judgment" and "the plaintiff must invite district court review and rejection of that judgment." Holblock, 422 F.3d at 85.   Here, there is no question that the purpose of this lawsuit is to undo the judgment of eviction.  For example, the complaint complains of, amongst other things, the following: (1) that the Crohans lacked standing to proceed in the Southampton Town Court in furtherance of the eviction (Compl. at 3); (2) that the Judge presiding over the eviction trial declined to apply New York's retaliatory eviction laws and allegedly "rewrote law from the bench" (id. at 5); and (3) that the Southampton Town Court's judgment of eviction was "an act of willful malice; exposed by conduct deny petitioner to be heard; defense established officers of the court protection of RICO by denial we the people *statute* protect the innocent are voided by false ruling on a technicality" (id. at 13 (errors in original)). Although there are vague references to monetary and punitive damages at the end of the complaint (id. at 29), even those claims could not prevail unless the judgment of eviction entered by the Southampton Town Court were found to be invalid. Thus, it is abundantly clear from the complaint that plaintiff is seeking to undo the state court judgment, and the complaint alleges injuries that occurred as a result of the judgment.[1] As such, Rooker–Feldman clearly applies.

     By the same token, plaintiff's claims alleging fraud are entirely dependent on the judgment of eviction being invalidated and, as such, are precluded from district court review by

---

[1] Indeed, as noted by the Town in its moving papers, given the nature of the allegations contained within the complaint, this Court, at the Order to Show Cause Hearing, expressly counseled plaintiff to invoke her right of appeal in the state court system (as she was still within the permissible time under state law to file an appeal of the Southampton Town Court's judgment of eviction), a suggestion that the plaintiff appears to have ignored. (See Town Mot. at 6.)

8

Rooker-Feldman. Moreover, to the extent plaintiff attempts to bring a RICO claim in order to raise an alternative challenge to the judgment of eviction, such a claim is similarly barred by Rooker-Feldman (see, e.g., Compl. at 7 (arguing that the Southampton Town Court facilitated and participated in a RICO enterprise)). See Pharr v. Evergreen Garden, Inc., 123 F. App'x 420, 423 n.2 (2d Cir. 2005) ("District courts in this circuit routinely cite Rooker-Feldman in dismissing RICO claims that attempt to raise alternative challenges to actions already rejected by the state courts." (citing Goldberg v. Roth, 99 Civ. 11591 (BSJ), 2001 U.S. Dist. LEXIS 20932, at *15-16 (S.D.N.Y. Dec. 17, 2001) (dismissing federal RICO claims stemming from alleged injustices of state court decision because "plaintiff cannot make an end run around the Rooker-Feldman doctrine and into federal court . . . through the mere assertion of new and baseless claims to supplement the old") and Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (concluding that the court lacked subject matter jurisdiction under Rooker-Feldman to hear plaintiffs' RICO and § 1983 claims because "plaintiff asks this Court to review the state court's judgment of foreclosure and eviction, by seeking damages for the loss of their property")( (additional citations omitted)); Zipper v. Todd, 96 Civ. 5198 (WK), 1997 U.S. Dist. LEXIS 4770, at *10-11 (S.D.N.Y. Apr. 14, 1997) ("While it is true that plaintiffs never actually raised the federal claims of Section 1983, RICO and SLAPP violations before the state court, Rooker-Feldman precludes district court review of claims 'inextricably intertwined' with state court determinations."). Thus, given the factual allegations and relief sought here, which are inextricably intertwined with the Southampton Town Court's judgment and would require overturning the judgment, this Court concludes that the substantive requirements of the Rooker–Feldman doctrine are met. Although plaintiff has referred to seeking monetary damages at the very end of her complaint, it is abundantly clear that the whole purpose of this action is to

undo the judgment of eviction – something that this Court is precluded from doing under Rooker-Feldman.

In sum, this Court concludes that, because plaintiff's complaint challenges the validity of the Southampton Town Court's judgment of eviction, Rooker–Feldman bars her claims. See, e.g., Jing Chun Wu v. Levine, No. 05-CV1234(NG), 2005 WL 2340722, at *1 (E.D.N.Y. June 3, 2005) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine" (citations omitted)), aff'd, 314 F. App'x (2d Cir. 2009). Accordingly, this Court lacks subject matter jurisdiction to adjudicate any such claims, and the Town's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is granted.[2]

## THE INDIVIDUAL DEFENDANTS

The applicability of the Rooker-Feldman doctrine may be raised by the Court sua sponte. See Moccio v. N.Y. State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996); see also Whitaker v. Alameda Superior Ct., No. C 08-1618 PJH, 2008 U.S. Dist. LEXIS 111137, at *7-9 (N.D. Cal. Aug. 8, 2008) ("It is well-established that a district court has the authority to dismiss an action sua sponte for lack of jurisdiction," concluding that the action was barred by the Rooker-Feldman doctrine because "[d]istrict courts do not have jurisdiction over challenges to a state court's decision in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional").

Thus, although defendants T. Crohan, C. Crohan, and Salvi have not moved to dismiss the complaint, because it appears that plaintiff is challenging those defendants' involvement in

---

[2] The Town also moves, in the alternative, to dismiss (pursuant to Federal Rule of Civil Procedure 12(b)(6)) the portion of plaintiff's complaint that seeks mandamus relief under the All Writs Act. However, given the clear lack of subject matter jurisdiction, and the Court's dismissal of the entirety of the complaint as against the Town on that basis, the Court declines to address this alternative argument.

her eviction, the Court sua sponte dismisses the claims brought against them under the Rooker-Feldman doctrine. See, e.g., Saferstein v. Lawyers' Fund for Client Protection, 223 F. App'x 39, 40 (2d Cir. 2007) (affirming district court's sua sponte dismissal pursuant to the Rooker-Feldman doctrine (citing Exxon Mobil Corp., 544 U.S. at 291 (barring district court review where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment"))); Jones v. Naziemul Safi, 10-CV-2398 (JS)(ARL), 2012 U.S. Dist. LEXIS 148387, at *9-10 (E.D.N.Y. Oct. 3, 2012) (sua sponte dismissing plaintiff's claim against Kings County for injuries sustained as a result of the State Supreme Court's decision as barred by the Rooker-Feldman doctrine). In particular, because it is clear that any claims against the individual defendants also would require invalidation of the judgment of eviction, the Rooker-Feldman doctrine precludes these claims being brought in federal court. Accordingly, the claims against the individual defendants are dismissed sua sponte.[3]

## LEAVE TO AMEND

Although plaintiff has not requested leave to re-plead her complaint, in light of the pleading deficiencies noted above, the Court has considered whether plaintiff should be given an opportunity to re-plead her claims. The Second Circuit has emphasized that a "court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend]

---

[3] Because the Court sua sponte dismisses the complaint as against T. Crohan, C. Crohan, and Salvi, plaintiff's pending motion for default judgment against these individual defendants (filed on April 11, 2013) is denied as moot.

when justice so requires." Fed. R. Civ. P. 15(a)(2).

However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile. See Cuoco, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). As discussed in detail *supra*, it is clear that plaintiff is seeking to overturn the Southampton Town Court's judgment of eviction, and that any of the additional claims plaintiff has added in this action (i.e. her RICO claim) are inextricably intertwined with the Southampton Town Court's judgment, such that Rooker-Feldman bars this Court from hearing the case. Thus, any attempt to re-plead would be futile, and the complaint is dismissed as against all defendants.

CONCLUSION

For the foregoing reasons, the Town's motion to dismiss for lack of subject matter jurisdiction is granted, and the Court sua sponte dismisses the complaint as against defendants T. Crohan, C. Crohan, and Salvi under Rooker-Feldman.[4] The Clerk of the Court shall enter judgment accordingly and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:     August 30, 2013
           Central Islip, New York

---

[4] The Court notes that, on January 18, 2013, plaintiff also filed a motion for recusal of the undersigned. Finding no basis for recusal under 28 U.S.C. § 455, the Court denies plaintiff's motion for recusal.

13